UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Aiming Tang,<br><br>                  *Plaintiff*,<br><br>   v.<br><br>Hangzhou zhenshan wangluo keji youxian gongsi,<br><br>                  *Defendant*. | CASE NO. 1:25-cv-7187<br><br>**Jury Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Aiming Tang ("Plaintiff"), against Defendant Hangzhou zhenshan wangluo keji youxian gongsi, d/b/a NexusDrive ("NexusDrive," or "Defendant"), claiming for patent infringement of Plaintiff's U.S. Patent No. 11,446,973 ("'973 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**INTRODUCTION**

1.    Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented invention from further selling and/or offering for sale the Towing Device Products ("Infringing Products"). The existence of Infringing Products has hampered Plaintiff's ability to enter and expand its footprint in the market, a market within which Plaintiff should have exclusionary rights under its patent.

2.    Defendant creates e-commerce stores under one or more e-commerce stores and then advertises, offers for sale, and/or sells Infringing Products to unknowing consumers. Defendant takes advantage of a set of circumstances, including the anonymity and mass reach

1

afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendant attempts to avoid liability by operating under one or more e-commerce stores to conceal its identities, locations, and the full scope and interworking of its infringing operation. Plaintiff is forced to file this action to combat Defendant's infringement of its patented invention, as well as to protect consumers from purchasing Infringing Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant structure its business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the name, NexusDrive. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offers shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sells Infringing Products which infringe Plaintiff's patented inventions, to residents of Illinois. Defendant is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

///

**PARTIES**

5.  Plaintiff Aiming Tang, is a Chinese citizen resides in Jinhua China.

6.  Upon information and belief, Defendant Hangzhou zhenshan wangluo keji youxian gongsi, d/b/a NexusDrive, is a limited liability company organized and existing under the laws of the People's Republic of China, located in China.

7.  Upon information and belief, Defendant sells the Infringing Products as least through Amazon.com, under the name, NexusDrive (Seller ID: A1YOQR9APEIUBZ, https://www.amazon.com/sp?ie=UTF8&seller=A1YOQR9APEIUBZ).

**PLAINTIFF'S BUSINESS AND THE '973 PATENT**

8.  Plaintiff is the manufacturer and seller of the Towing Device Products. Plaintiff values his ever-growing intellectual property portfolio. Plaintiff prides itself on being able to regularly innovates new products and protects those inventions with its intellectual property.

9.  Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting its products.

10. Plaintiff is the inventor and applicant of the '973 Patent. A true and correct copy of the '973 Patent is attached hereto as Exhibit 1.

11. The '973 Patent, titled "TOWING DEVICE WITH DAMPING FUNCTION," was issued on September 20, 2022. *See* Exhibit 1.

12. The '973 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

13. The '973 Patent has one independent claim and nine dependent claims. The Claim 1 of the '973 Patent reads:

> A towing device with a damping function, comprising a towing main body (1) and a towing assembly (2) mounted on the towing main body (1), wherein the towing main body (1) comprises a towing cantilever (3) and a vertical adjustment arm (4)

arranged at an end part of the towing cantilever (3); one end of the towing cantilever (3) is connected to the vertical adjustment arm (4), and the other end is provided with several fixing holes (25); the towing cantilever (3) is fixed, through fixing pins (26), on a fixed seat pre-arranged at a rear end of a towing vehicle; a cushion (27) is sleeved on the towing cantilever (3); the cushion (27) is located between the fixing holes (25) and the vertical adjustment arm (4); one side of the cushion (27) close to the vertical adjustment arm (4) is provided with a tightening bolt (28); and the tightening bolt (28) can be rotated to push the cushion (27) to move towards one side of the fixing holes (25), so that an end surface of the cushion (27) is abutted against the fixed seat pre-arranged at the rear end of the towing vehicle.

14. Plaintiff's Towing Device Products ("Plaintiff's Products") incorporated the patented invention which features an integrated damping function designed to reduce axial movement and enhance towing stability. Plaintiff's Products are well-established and known for its distinctive patented designs.

**DEFENDANT'S UNLAWFUL CONDUCTS**

15. The success of the invention claimed in the '973 Patent has resulted in significant infringement of Plaintiff's patent. The significant infringement has hampered Plaintiff's ability to generate and expand market share for his Towing Device Products. As a result, the Plaintiff has established an anti-infringement program that includes investigating suspicious websites and online marketplace listings found through proactive internet monitoring.

16. Plaintiff found that Defendant infringed and is still infringing the '973 Patent by selling and offering for sale the Infringing Products via the online marketplace Amazon.com. True and correct copies of the screenshot printouts showing Defendant's active e-commerce store and listings of Infringing Products are attached as Exhibit 2.

17. Defendant targets consumers in this Judicial District by operating e-commerce store fronts and listings on Amazon designed for customers across the United States including consumers in Illinois, by shipping products to consumers in the United States, including consumers in Illinois, and by accepting payment in U.S. dollars. *See* Exhibit 2.

4

18. Defendant has offered for sale and sold Infringing Products to residents of Illinois.

19. Defendant is not authorized to use any of Plaintiff's intellectual property, including the '973 Patent.

20. Defendant is neither a licensee nor an authorized seller of Plaintiff or any of Plaintiff's licensees.

21. Defendant has manufactured, imported, distributed, offered for sale, and sold the Infringing Products in the United States, including this District.

22. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully infringed the '973 Patent in connection with the use and/or manufacturing of Infringing Products and distribution, offering for sale, and sale of Infringing Products into the United States and Illinois over the United States.

23. Defendant's unauthorized use and/or manufacturing of the invention claimed in the '973 Patent in connection with the distribution, offering for sale, and sale of Infringing Products, including the sale of Infringing Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff. Plaintiff has been irreparably harmed by Defendant's infringing activities.

## COUNT I
### (PATENT INFRINGEMENT OF THE U.S. PATENT NO. 11,446,973)

24. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

25. As shown, Defendant knowingly and willfully manufactures, imports, distributes, offers for sale, and sells Infringing Products in the United States, including this District. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale,

sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the '973 Patent.

26. As shown in the claim chart attached hereto as Exhibit 3, the Infringing Products being sold by Defendant infringes at least Claim 1 of the '973 Patent. The claim chart of Exhibit 3 is illustrative only and is made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

27. Specifically, Defendant has infringed and continue to infringe at least one claim of the '973 Patent by making, using, importing, selling, and/or offering to sell its Infringing Products in the United States without authorization or license from Plaintiff.

28. Defendant has profited by its infringement of the '973 Patent, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

29. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the '973 Patent in connection with the offering to sell, selling, or importing of products that infringe the '973 Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

30. Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

31. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing its infringement of the '973 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

32. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## (UNFAIR COMPETITION)

33. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

34. Despite Plaintiff's ownership of a valid and enforceable patent embodied in its products and sold in what should have been an exclusive market, Defendant has developed, manufactured, imported, advertised, and/or sold infringing products that violate the '973 Patent. *See* Exhibit 2 and 3. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

35. By selling products which infringe upon the '973 Patent, Defendant is competing for sales with Plaintiff and his distributors with products that Defendant is prohibited from selling under U.S. Patent law.

36. By selling products which infringe upon the '973 Patent, Defendant is competing for sales against Plaintiff in an unfair and unlawful manner.

37. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Infringing Products creates express and implied misrepresentation that Infringing Products were created, authorized, or approved by the owner of the '973 Patent, allowing Defendant to profit from the goodwill, time, research, and development of the invention

as embodied in Infringing Products and in Plaintiff's embodying Products, while causing Plaintiff irreparable and immeasurable injury.

38. On information and belief, Defendant has intentionally and blatantly infringed upon the '973 Patent by selling Infringing Products to take unfair advantage of the enormous time, effort, and expense spent in connection with the '973 Patent and Plaintiff's efforts to cultivate a successful market for the invention embodied in the '973 Patent and in Plaintiff's Products in online marketplaces.

39. On information and belief, Defendant has offered to sell and knowingly sold Infringing Products with the understanding that, as a foreign entity, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

40. On information and belief, to the extent enforcement efforts are made against Defendant, Defendant will merely ignore the efforts if it is permitted to move any assets out of its marketplace accounts and can easily create new accounts for online marketplaces to sell Infringing Products – with little recourse available to Plaintiff.

41. Defendant has engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud customers and evade legal and financial responsibilities.

42. Specifically, Defendant systematically diverts funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

43. Upon being detected or facing financial scrutiny, Defendant will also close its storefronts to avoid further investigation or legal consequences.

44. After closing the storefronts, Defendant frequently reopens new business entities or storefronts under different names, thereby circumventing legal and financial accountability and continuing its infringing activities.

45. Collectively, these actions constitute unfair competition as Defendant mislead consumers, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

46. Plaintiff is also entitled to recover money damages to compensate for Defendant's unfair conduct.

47. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the invention claimed in the '973 Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '973 Patent;

      c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the '973 Patent.

C. That Judgment be entered against Defendant finding that it has infringed upon the '973 Patent.

D. That Judgment be entered against Defendant finding that infringement of the '973 Patent has been willful.

E. That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

F. That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendant's willful infringement of the '973 Patent.

G. A finding that this case is exceptional under 35 U.S.C. § 285.

H. A finding that Defendant engaged in unfair competition.

I. That Plaintiff be awarded its reasonable attorneys' fees and costs.

J. Award Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: June 26, 2025 | /s/ Wei Wang |

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
212-729-5073

Tao Liu, Esq.
41 Madison Avenue, Suite 2529
New York, NY 10010
Tao.liu@glacier.law
***Attorney for Plaintiff***